UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KAREN ANN,

    Plaintiff,

v.

ROY TINDLE, HEATHER BLOUGH, GARY ONETO, TINA ONETO and BECHTEL CREEK VILLAGE,

    Defendants.
_____/

No. C 07-2031 MHP

**MEMORANDUM AND ORDER**
**Re: Defendants' Motion to Dismiss**

    Plaintiff Karen Ann ("plaintiff") brought this action against defendants Roy Tindle ("Tindle"), Heather Blough ("Blough"), Gary Oneto, Tina Oneto and Bechtel Creek Village/Mendocino County Community Development Commission[1] ("MCCDC") (collectively "defendants") asserting a cause of action under 42 U.S.C. section 1983 ("section 1983") against all defendants and a cause of action for breach of contract against Bechtel Creek Village.[2] Defendants now move to dismiss the action based on lack of subject matter jurisdiction, res judicata, and failure to state a claim upon which relief may be granted. Having considered the arguments and submissions of the parties, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

I.   Allegations in Plaintiff's First Amended Complaint

Plaintiff Karen Ann is an individual residing in Santa Cruz County, California. First Amended Complaint ("FAC") ¶ 3. In July 2004, plaintiff entered into a written lease with the management of Bechtel Creek Village, a government-subsidized housing facility located in and operated by the County of Mendocino. Id. ¶ 12, Exh. A. The lease contained a renewal provision stating that the lease would be automatically renewed for successive terms of twelve months, conditioned upon plaintiff's compliance with the community service requirements set forth in the lease. Id., Exh. A ¶ 2. Defendants Roy Tindle, Heather Blough, and Gary and Tina Oneto, apparently having some form of management control over the facility, declined to renew plaintiff's lease on May 24, 2005. Id. ¶ 14. Plaintiff asserts that this decision was made after a hearing on the matter, by a vote taken the following day. Id. The final decision on the matter was reached on September 23, 2005, at a separate hearing in which defendants affirmed their decision not to renew plaintiff's lease. Id. ¶ 19. Plaintiff was evicted on January 20, 2006 following a formal eviction procedure. Id. ¶ 20.

Plaintiff asserts that defendants' refusal to renew her lease was due to plaintiff's legitimate complaints to the Onetos about a variety of issues, including mosquitoes, feral cats, smoking, failure to make repairs, and reporting one of the managers to the DEA for growing marijuana. Id. ¶ 15. Other tenants allegedly asked plaintiff, a former social worker, to help them with such issues by bringing them to the attention of the managers. Id. ¶ 16.

II.   State Court Proceedings

MCCDC filed a complaint against Ann for unlawful detainer in Mendocino County Superior Court on November 15, 2005, a few weeks after the final decision not to renew Ann's lease. Defs.' Request for Judicial Notice ("RJN"), Exh. A. The Superior Court entered a default judgment in favor of MCCDC on December 21, 2005. Id., Exh. B. The default judgment stated that "[t]he Defendant KAREN ANN was served with Summons and Complaint herein," and that "no

2

appearance was made by or on behalf of said Defendant within the time allowed by law and her Default has been duly entered." Id., Exh. B at 1. The judgment declared the lease forfeited. Id., Exh. B at 2. Ann claims that she never received service of the summons and complaint. She filed a motion in Superior Court to set aside the default judgment, but claims that "[d]uring the hearing on the motion, the Judge didn't really hear her case, and instead made a decision that she didn't deserve to live at subsidized housing." Opp. at 3–4. Ann's motion to set aside the default judgment was denied.

LEGAL STANDARD

I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). When a defendant mounts a factual attack on subject matter jurisdiction, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A court considering a factual subject matter jurisdiction challenge "need not presume the truthfulness of the plaintiffs' allegations." Id. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

II.     Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in

evaluating the merits of a Rule 12(b)(6) motion. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ____, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION

Defendants raise three arguments in support of their motion to dismiss plaintiff's section 1983 claim. First, defendants assert that this court lacks subject matter jurisdiction over plaintiff's claim based on the <u>Rooker</u>-<u>Feldman</u> doctrine. Second, defendants claim that plaintiff is precluded from litigating this case by the state court judgment. Third, defendants assert that plaintiff's FAC fails to plead the essential elements of a section 1983 claim.

I.   Rooker-Feldman Doctrine

The first jurisdictional question raised by defendants' motion is whether the court must dismiss plaintiff's section 1983 claim as an impermissible appeal of a state court judgment under the rule set forth in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). Under the "<u>Rooker</u>-<u>Feldman</u> doctrine," a federal district court is prohibited from assuming what would amount to be an appellate role vis-à-vis its state counterparts. <u>See</u> <u>Feldman</u>, 460 U.S. at 476; <u>Rooker</u>, 263 U.S. at 415–16. Thus, "[i]f a federal

4

plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

The test for whether a federal action amounts to a de facto appeal of a state court judgment requires the court to determine whether issues presented in the federal and state court actions are "inextricably intertwined." See Feldman, 460 U.S. at 483 n.16; Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004). However, under the law of this Circuit, Feldman's "inextricably intertwined" standard is construed narrowly. Id. at 1142. The Ninth Circuit explained the rationale for such an approach in Kougasian:

> [T]he "inextricably intertwined" test does not mean that a federal plaintiff can never raise issues that are "inextricably intertwined" with issues already decided in completed state court litigation. If that were so, Rooker-Feldman would in some cases give greater preclusive effect to state court judgments than the states themselves would give those judgments. Such super-preclusive effect would violate the requirement of 28 U.S.C. § 1738 that federal courts give the same (not more and not less) preclusive effect the rendering state courts would give to those judgments.

Id. at 1142–43 (citations omitted). Accordingly, under Ninth Circuit law, the Rooker-Feldman doctrine will only apply in this Circuit where a plaintiff has "allege[d] legal error by the state court and seek[s] relief from the state court's judgment." Id. at 1142 (citing Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Here, plaintiff is seeking compensatory and exemplary damages arising out of an alleged civil rights violation. She does not appear to seek renewal of her lease, or to reclaim possession of her home in Bechtel Creek Village. Accordingly, plaintiff's complaint cannot fairly be said to amount to a challenge of the Superior Court's default judgment of unlawful detainer and lease forfeiture. The jurisdictional bar under Rooker-Feldman is therefore inapplicable.

II.  Res Judicata

The doctrine of res judicata, or claim preclusion, prohibits litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. Owens v. Kaiser Found.

5

Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Under Ninth Circuit law, an adjudication in a prior action serves as a bar to litigation of a claim if the prior adjudication (1) involved the same claim as the later suit; (2) reached a final judgment on the merits and (3) involved the same parties or their privies. Id.; see also Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323–24 (1971). Defendants assert that the state court default judgment as to MCCDC's unlawful detainer action bars plaintiff's federal action.

It is undisputed that the state court action involved the institutional defendant in this action, and that the individual defendants in this action are privies of MCCDC. Additionally, California courts have held that a default judgment constitutes a final judgment on the merits for the purposes of res judicata because a default judgment "is a complete adjudication of all the rights of the parties embraced in the prayer of the complaint and stands on the same footing as a judgment after answer and trial . . . ." Freeze v. Salot, 122 Cal. App. 2d 561, 566 (1954). Accordingly, the only issue to be decided is whether plaintiff's civil rights claim involves the same claim as defendants' prior unlawful detainer action. In determining whether two claims are identical, the Ninth Circuit employs four criteria:

> (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993). The fourth criterion—whether the two suits arise out of the same transaction—is the most important. Costantini v. Trans World Airlines, 681 F.2d 1199, 1202 (9th Cir. 1982).

Plaintiff attempts to avoid res judicata by arguing that the unlawful detainer action was separate from the refusal to renew plaintiff's lease, i.e. that the failure to renew and the unlawful detainer action were separate transactions. This slices the facts too thinly. The underlying transaction was MCCDC's refusal to allow plaintiff to continue her tenancy, apparently based on plaintiff's failure to abide by the terms of her lease. Defs.' RJN, Exh. A at Tab 1. Defendants made

6

the final decision not to renew plaintiff's lease in late September 2005, and MCCDC filed its unlawful detainer complaint shortly thereafter. Accordingly, both the state court proceeding and the instant action arise out of the same transaction: defendants' failure to renew plaintiff's lease.

Plaintiff additionally asserts that the sole "right" at issue in the unlawful detainer action was plaintiff's right to possession of her apartment, rather than her right to have her lease renewed. Again, this is an improperly strained interpretation of the facts. Lease renewal would have been meaningless without the right to possession. In fact, "entitlement to continue occupancy," which cannot be meaningfully distinguished from "right to possession," is the very property right that plaintiff claims was violated by defendants' refusal to renew her lease. The purported denial of due process was defendants' alleged failure to conduct a proper hearing before deciding not to renew plaintiff's lease. The unlawful detainer action therefore clearly implicated the same right as the instant action.

Furthermore, the state court explicitly declared the lease to be forfeited. A finding by this court that plaintiff was entitled to have the lease renewed would be contrary to the state court's finding. Finally, as to the evidentiary inquiry, plaintiff's apparent failure to abide by the terms of the lease forms the factual basis both for defendants' refusal to renew her lease and for MCCDC's unlawful detainer action. Although plaintiff alleges additional facts claiming that defendants' failure to renew her lease was retaliatory, this evidence could have been presented to the state court in defense against MCCDC's unlawful detainer action. See Cal. Civ. Code § 1942.5 (providing that retaliatory eviction is a defense against an unlawful detainer claim). Plaintiff makes much of the fact that the unlawful detainer action was a summary proceeding limited to the issue of plaintiff's possessory right in her apartment. However, plaintiff's possessory right is at the heart of her due process claim. Plaintiff alleges that defendants failed to conduct a proper hearing for the purpose of deciding her possessory right, i.e. whether plaintiff would be entitled to continue possession through the renewal of her lease. Plaintiff clearly could have raised her due process concerns in defense of her possessory interest during the unlawful detainer proceeding. In fact, they go to the very heart of

7

her defense. See, e.g., Barela v. Superior Court, 30 Cal.3d 244 (1981). Having failed to contest this issue in state court, plaintiff cannot raise it here.

In sum, plaintiff's civil rights claim could have been prosecuted as part of MCCDC's unlawful detainer action. The state court judgment therefore precludes plaintiff from litigating her claim in this court.

### III.     Failure to State a Claim

Because plaintiff's claim is barred by res judicata, the court does not reach the parties' arguments related to the substance of plaintiff's complaint.

### IV.     Leave to Amend

Plaintiff requests leave to amend in the event that this court grants defendants' motion to dismiss. The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend should be denied where amendment would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Here, plaintiff cannot overcome the res judicata effects of the state court default judgment. Accordingly, leave to amend is denied as futile.

### V.     Attorneys' Fees and Costs

Defendants request reimbursement of fees and costs pursuant to 42 U.S.C. section 1988 and Cal. Civ. Proc. Code section 1038. Section 1988 provides that a court may, in its discretion, award attorneys' fees and costs to the prevailing party in a section 1983 action. Section 1038 allows for an award of defense costs where an action is not brought in good faith and with reasonable cause. Defendants make no factual allegations in support of their request for fees and costs, and the request is therefore denied.

8

CONCLUSION

For the reasons stated above, the court GRANTS defendants' motion to dismiss based on res judicata and DENIES defendants' request for attorneys' fees and costs. The court DENIES plaintiff's request for leave to amend.

IT IS SO ORDERED.

Dated:   August 10, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

**ENDNOTES**

1. The complaint names "Bechtel Creek Village" as a defendant. Defendants claim that the name "Bechtel Creek Village" is erroneous, and that the proper plaintiff is "Mendocino County Community Development Commission." The court will treat these two entities as a single party and use both names interchangeably.

2. Plaintiff has agreed to dismiss the breach of contract claim. Accordingly, that claim is dismissed.